IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHANEL, INC.,

    Plaintiff,

v.                              CIVIL ACTION NO. 2:16cv006

POSHMODA.CO, *et al.*,

    Defendants.

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER having come before the Court upon motion by Plaintiff Chanel Inc. ("Chanel" or "Plaintiff"), for entry of final default judgment of its claims against the Individual, Partnership, and Unincorporated Association doing business as Poshmoda.co ("Defendant") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and the Court having considered the moving papers and there being no opposition thereto;

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Final Default Judgment is GRANTED, and judgment is hereby entered in favor of Plaintiff Chanel Inc., a New York corporation, with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019, and against Defendant on all Counts of the Complaint as follows:

(1)    Permanent Injunctive Relief:

Defendant and its officers, agents, servants, employees, and attorneys, and all persons acting in concert and participation with Defendant are hereby permanently restrained and enjoined from:

1

(a) manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Chanel trademarks identified in Paragraph 17 of the Complaint (the "Chanel Marks");

(b) using the Chanel Marks in connection with the sale of any unauthorized goods;

(c) using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or sold via the domain names identified on Schedule "A" hereto (the "Subject Domain Names") and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

(d) falsely representing themself as being connected with Plaintiff, through sponsorship or association;

(e) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale or sold via the Subject Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

(f) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant via the Subject Domain Names and/or any other website or business, including, without limitation, handbags, wallets, shoes, belts, scarves, and costume jewelry, including necklaces, bracelets, earrings, and rings, or other goods;

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant via the Subject Domain Names and/or any other website or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

(h) otherwise unfairly competing with Plaintiff;

(i) using of the Chanel Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendant, including the Internet websites operating under all of the Subject Domain Names; and

(j)   effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

(2)   Additional Equitable Relief:

(a)   In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendant, its assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within five (5) days of receipt of this judgment, the Registries for the Subject Domain Names, or their administrators, including backend registry operators or administrators, that maintain, update, or control access to the zone files for the Subject Domain Names shall, within thirty (30) days, either: (i) change, or assist in changing, the registrar of record for the Subject Domain Names to a holding account with Safenames, Ltd., or another registrar selected by Plaintiff or (ii) change, or cause to be changed, the Subject Domain Names' domain name system ("DNS") servers of record, which link the domain names to the IP addresses where their associated websites are hosted, to dns1.idp365.net, dns2.idp365.net, and dns3.idp365.net; and

(b)   Upon Plaintiff's request, the top level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registries which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

(3)   Statutory Damages:

(a)   Award Chanel $594,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c), for which let execution issue.[1]

(4)   Costs of Suit: award Chanel $750.00 pursuant to 15 U.S.C. § 1117(a).

(5)   Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

---

[1] The court calculates statutory damages by beginning with a baseline statutory award of $1,000 per counterfeit mark per type of good, trebling the product to reflect Defendant's willfulness, doubling the result for the purpose of deterrence, and then multiplying that award by ninety-nine (99) – the number of infringements that Plaintiff can substantiate. See 15 U.S.C. § 1117(c).

(6) The Clerk of Court is hereby ordered to release the surety bond posted by Chanel, Inc. for this matter.

**IT IS SO ORDERED.**

Entered this ___14th___ day of June, 2016.

_____
Raymond A. Jackson
United States District Judge

Copies provided to:
Counsel of Record via CM/ECF

## SCHEDULE "A"
## SUBJECT DOMAIN NAMES

| Subject Domain Names |
| --- |
| poshmoda.co |
| ebaglux.com |
| luxesupport.co |
| myluxe.co |
| posh-moda.co |
| posh-moda.net |
| ubagaaa.com |
| luxemoda.co |

I-1404350.2